**Mrs. Valerie Jean GARDNER, individually and as Administratrix of the Estate of Robert Edward Gardner, Jr., Deceased, Appellant and Cross-Appellee,**

v.

**NATIONAL BULK CARRIERS, INC., in personam, and the S.S. BULKCRUDE, in rem, Appellees and Cross-Appellants.**

**No. 9281.**

United States Court of Appeals
Fourth Circuit.

Argued April 23, 1964.

Decided June 10, 1964.

---

See also 4 Cir., 310 F.2d 284, 91 A. L.R.2d 1023, cert. den. 372 U.S. 913, 83 S.Ct. 728, 9 L.Ed.2d 721.

Sidney H. Kelsey and Ralph Rabinowitz, Norfolk, Va., for appellant and cross-appellee.

Roy L. Sykes and R. Arthur Jett, Jr., Norfolk, Va. (Jett, Sykes & Berkley, Norfolk, Va., on brief), for appellees and cross-appellants.

Before SOBELOFF, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

■ This is an appeal from a judgment of the district court awarding damages to the widow and children of a deceased seaman in a Jones Act case brought on the "admiralty side" of the court. The libellant raises a number of questions concerning the manner of computing the award. The respondent questions the discretionary award of interest from the date of death until the entry of judgment. The determination of damages is a factual question, and while we might have reached a different result or even used a slightly different method of arriving at that result, we cannot say that either the final result or the method used by the court in reaching the result was clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954). We must reject counsel's suggestion that we lay down precise formulae. "Insistence on mathematical precision would be illusory and the judge or juror must be allowed a fair latitude to make reasonable approximations guided by judgment and practical experience." Whitaker v. Blidberg Rothchild Company, 296 F.2d 554, 555 (4 Cir. 1961). Nor can we say that the discretionary allowance of interest on the award from date of death to date of judgment was clear error, especially in view of the fact that the judge computed the present value of the award as of that date. Cf. Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 593 (2 Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962); Moore-McCormack Lines, Inc. v. Amirault, 202 F.2d 893, 898 (1 Cir. 1953).

Affirmed.