The **REISS STEAMSHIP COMPANY,**
**Libelant & Cross-Respondent-Appellee,**

v.

**UNITED STATES STEEL CORPORATION, Respondent and Cross-Libelant-Appellant.**

**No. 20049.**

United States Court of Appeals, Sixth Circuit.

June 11, 1970.

Robert G. McCreary, Jr., Cleveland, Ohio, Arter & Hadden, Cleveland, Ohio, on the brief, for appellant.

Thomas O. Murphy, Cleveland, Ohio, Johnson, Branand & Jaeger, Cleveland, Ohio, on the brief, for appellee.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

## PER CURIAM.

The sole issue in this appeal is the propriety of an award of interest over a period of six and one-half years, in the amount of about $50,000, computed from the date of disbursements covering repairs, in a "both to blame" collision case in admiralty.

The damages sustained by The Reiss Steamship Company (Reiss), as a result of the collision, were $273,832.98. The damages to the vessel of United States Steel Corporation (U.S. Steel) were only $10,503.31. The District Judge found U.S. Steel solely at fault. 245 F.Supp. 444 (N.D. Ohio, 1965). U.S. Steel appealed and we reversed, holding that both vessels were equally at fault. 374 F.2d 142 (6th Cir. 1967). The District Court then entered an interlocutory decree finding both vessels equally at fault and referring the issue of damages to a Master if the parties could not agree upon them.

Reiss filed in this Court a petition for a writ of mandamus against the District Judge, seeking an interpretation of the mandate, which petition was denied. The parties then reached a compromise whereby U.S. Steel paid $130,832.41 to Reiss. The District Court entered a final decree ordering payment of that amount together with interest from December 4, 1962 (the date when certain disbursements were made) to June 2, 1969 (the date when U.S. Steel made the payment.) 304 F.Supp. 304 (N.D. Ohio, 1969).

This Court has approved denial of prejudgment interest in a "solely at fault" case involving property damage, Great Lakes Towing Co. v. Kelley Island Lime & Transport Co., 176 F. 492 (6th Cir. 1910), and in a personal injury action, Cleveland Tankers v. Tierney, 169 F.2d 622 (6th Cir. 1948). In *Great Lakes Towing Co.*, however, we stated that the rule as to the awarding of prejudgment interest was not a fixed one but rested within the discretion of the Court and would not be reviewed unless it has been "palpably abused." 176 F. at 498

█ An award of prejudgment interest is generally within the discretion of the Court. The Scotland, 118 U.S. 507, 518–519, 6 S.Ct. 1174, 30 L.Ed. 153 (1886); O'Donnell Transport Co. v. City of New York, 215 F.2d 92, 95 (2d Cir. 1954); The Wright, 109 F.2d 699 (2d Cir. 1940); Kawaski Zosensho v.

**1154**

Cosulich Societa Triestina di Navigazione, 11 F.2d 836 (5th Cir. 1926).

Prejudgment interest has been awarded in "solely at fault" cases. Luckenbach Steamship Co. (United States) v. The Thelka, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313 (1924); The President Madison, 91 F.2d 835 (9th Cir. 1937). Such interest has also been awarded in "both to blame" cases. The Manitoba, 122 U.S. 97, 7 S.Ct. 1158, 30 L.Ed. 1095 (1887); National Marine Service Inc. v. Talley, 348 F.2d 589 (5th Cir. 1965).

U.S. Steel contends that it was inequitable for the District Court to award interest during procedural delays for which either the Court or Reiss were responsible. It points out that Reiss delayed the filing of its libel for twenty-two months after the collision. The case was further delayed by the successful appeal of U.S. Steel and by the mandamus action filed by Reiss in this Court.

 The District Court in its discretion could have disallowed interest for the time of delay in filing the libel, O'Donnell Transport Co. v. City of New York, *supra*, but did not do so. We cannot find from this record that in failing to abate the interest during this period the District Court abused his discretion.

We are of the opinion, however, that it would be inequitable to award interest for the period from the date of the filing of the notice of appeal by U.S. Steel until the date of entry of the judgment of reversal, and likewise it would be inequitable to award interest during the period from the date of filing the petition for a writ of mandamus to the date of entry of the order denying the writ. *Cf.* Petition of Wills Lines, 251 F.2d 306 (2d Cir. 1958), cert. denied, Wills Lines v. Tankport Terminal, 356 U.S. 939, 78 S.Ct. 782, 2 L.Ed.2d 814.

It is therefore ordered that the judgment of the District Court be modified so as to disallow interest during the two periods herein provided, and as modified the judgment is affirmed. Each party shall pay one-half of the costs.