**Frederick F. PETERSON, Deceased, and Mary Jane Peterson, Individually and as Administratrix of the Estate of Frederick F. Peterson, Plaintiffs,**

v.

**The CHESAPEAKE & OHIO RAILWAY CO. and Johns-Manville Corporation and Johns-Manville Sales Corporation, Defendants,**

**and**

**JOHNS–MANVILLE SALES CORPORATION, Third-Party Plaintiff,**

v.

**ARMSTRONG CORK COMPANY, The Celotex Corporation, Owens-Corning Fiberglas Corporation, Owens-Illinois Glass Company, Eagle-Picher Industries, Inc., and Garlock, Inc., Third-Party Defendants.**

No. G79–46 CA.

United States District Court, W.D. Michigan, S.D.

April 13, 1984.

J. Walter Brock, Suellyn Scarnecchia, McCroskey, Feldman, Cochrane & Brock, Muskegon, Mich., for plaintiffs.

W. Fred Hunting, Law, Weathers, Richardson, Grand Rapids, Mich., for defendants.

OPINION

BENJAMIN F. GIBSON, District Judge.

This matter comes before the Court pursuant to plaintiff's motions for entry of judgment and prejudgment and post-judgment interest, attorney fees and expenses of litigation. Defendant filed a brief opposing the motion for prejudgment interest and the Court heard oral arguments on the motion on April 10, 1984. For the following reasons, the Court grants plaintiff's

motion for entry of judgment, but denies the motion for interest, costs and attorney fees insofar as plaintiff seeks prejudgment interest on the jury verdict rendered in this case.

## DISCUSSION

■ The general rule in admiralty cases is that the Court in its discretion may award prejudgment interest on damages sustained as a result of a maritime tort. *The Scotland*, 118 U.S. 507, 518, 6 S.Ct. 1174, 1175, 30 L.Ed. 153 (1886); *Reiss Steamship Co. v. United States Steel Corp.*, 427 F.2d 1152, 1153 (6th Cir.1970); *Monsanto Chemical Co. v. No. 3 Bull Towing Co.*, 326 F.2d 18, 26 (6th Cir.1963); *Chicago, D. & G.B. Transit Co. v. Moore*, 259 F. 490, 507 (6th Cir.1919). However, defendant contends that the Sixth Circuit rule is that interest may not be awarded on personal injury and death claims in admiralty until the amount of damages has been fixed by judicial determination. In support of this contention, defendant cites *Cleveland Tankers, Inc. v. Tierney*, 169 F.2d 622, 626 (6th Cir.1948) and *Petition of United States Steel Corp.*, 436 F.2d 1256, 1279 (6th Cir.1970), *cert. denied*, 402 U.S. 987, 91 S.Ct. 1649, 29 L.Ed.2d 153 (1971).

■ The Court finds those cases persuasive. *Cleveland Tankers* was a wrongful death action under the Jones Act, 46 U.S.C. § 688. The Jones Act extends to seamen the rights and remedies accorded railway workers under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, and the Sixth Circuit has held that prejudgment interest may not be awarded under FELA. *Kozar v. Chesapeake and Ohio Railway Co.*, 449 F.2d 1238, 1244 (6th Cir.1971). While it might have been possible to argue that the rule announced in *Cleveland Tankers* did not apply to actions under general admiralty law since wrongful death actions were not recognized in admiralty until the Supreme Court's decision in *Moragne v. States Marine Lines*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), any question on this point was re-solved by the Sixth Circuit in the *United States Steel* case.

In that case, the Sixth Circuit specifically acknowledged that the Supreme Court's decision in *Moragne, supra,* established a non-statutory cause of action for wrongful death under general maritime law and held that the plaintiffs' right of recovery in that case would be governed by admiralty law, not Michigan's Wrongful Death Act. *Petition of United States Steel Corp., supra* at 1279. The Court then concluded that it was error to award prejudgment interest on the total dollar value of the wrongful death awards citing its decision in *Cleveland Tankers. Id.*

While other circuits have reached a contrary conclusion, *see e.g., Rivera v. Rederi A/B Nordstjernan*, 456 F.2d 970 (1st Cir. 1972); *Petition of The City of New York*, 332 F.2d 1006 (2d Cir.), *cert. denied, City of New York v. Bernstein*, 379 U.S. 922, 85 S.Ct. 277, 13 L.Ed.2d 335 (1964) (awarding prejudgment interest in personal injury claims under maritime law); and *First National Bank of Chicago v. Material Service Corp.*, 597 F.2d 1110 (7th Cir.1979); *Gardner v. National Bulk Carriers, Inc.*, 333 F.2d 676 (4th Cir.1964) (holding that prejudgment interest could be awarded in wrongful death claims brought under admiralty law), the Sixth Circuit opinions cited above are controlling. However, even if this Court could ignore what the Second Circuit described as "the hoary distinction between 'liquidated' and 'unliquidated' claims," *Moore-McCormack Lines, Inc. v. Richardson*, 295 F.2d 583, 592, *cert. denied* 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962), prejudgment interest could not be awarded by the Court in this case.

■ "The allowance of [prejudgment] interest on damages is not an absolute right. Whether it ought or ought not to be allowed depends upon the circumstances of each case, and rests very much in the discretion of the tribunal which has to pass upon the subject, whether it be a court or a

jury." *The Scotland, supra* at 518–519. But where the admiralty cause of action is tried solely to a jury, prejudgment interest may only be granted by the jury. *Havis v. Petroleum Helicopters, Inc.,* 664 F.2d 54, 55 (5th Cir.1981) (citing *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048, 1052, 1053 (1st Cir.1973)). *Accord Newburgh Land & Dock Company v. Texas Company,* 227 F.2d 732, 735 (2nd Cir.1955).

Judgment will be entered on the jury verdict and taxable costs will be awarded plaintiff. Interest will accrue from the date of entry of judgment.