OGLETREE v LOCAL 79, SERVICE EMPLOYEES
INTERNATIONAL UNION, AFL-CIO

Docket No. 70338. Submitted June 5, 1984, at Detroit.—Decided April 2, 1985. Leave to appeal applied for.

Plaintiff, Christine Ogletree, brought an action in the Wayne Circuit Court against defendants, Local 79, Service Employees International Union, AFL-CIO, her labor union, and Thomas Marsh, the union's agent, alleging that the defendants failed to file a timely grievance for arbitration on her behalf after her employer terminated her employment. Plaintiff alleged that as a result of defendants' failure to file a timely grievance for arbitration, she was denied a hearing on the merits of her dispute and any opportunity for reemployment or reinstatement with the employer. Defendants filed a motion for accelerated judgment alleging that the action was barred as a result of the running of the period of limitation. The trial court, Michael L. Stacey, J., denied the motion. Soon thereafter, the Court of Appeals for the Sixth Circuit issued an opinion in *Badon v General Motors Corp*, 679 F2d 93 (CA 6, 1982), in which it decided that the period of limitation for an action such as this should be six months pursuant to the six-month period of limitation found at § 10(b) of the National Labor Relations Act. Defendants moved for a rehearing of their motion for accelerated judgment. The trial court agreed that the period of limitation for this action was either the 20 days mandated by GCR 1963, 769.9(2), pursuant to *United Parcel Service, Inc v Mitchell,* 451 US 56 (1981), or six months, pursuant to the Sixth Circuit's opinion in *Badon,* and dismissed the action. Plaintiff appeals from the order of accelerated judgment which dismissed the action. *Held:*

The six-month period of limitation was properly applied in this case. The precedent set in *Badon* is binding on the Michigan Court of Appeals and applies retroactively to this case

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 48 Am Jur 2d, Labor and Labor Relations § 405.
[2] 20 Am Jur 2d, Courts § 230.
[3] 20 Am Jur 2d, Courts §§ 233-236.

pursuant to *Smith v General Motors Corp*, 747 F2d 372 (CA 6, 1984).

Affirmed.

1. LIMITATION OF ACTIONS — CIRCUIT COURTS — UNITED STATES CODE.

The period of limitation applicable to an action filed in a Michigan circuit court against a union for a breach of its duty to fairly represent a member is six months (29 USC 160[b]).

2. COURTS — FEDERAL LAW — PRECEDENT.

The Michigan Court of Appeals is bound by precedent set by the Sixth Circuit of the United States Court of Appeals in regard to issues of federal law.

3. LIMITATION OF ACTIONS — FEDERAL DECISIONS — RETROACTIVITY.

The 1982 decision by the Sixth Circuit of the United States Court of Appeals, establishing a six-month period of limitation for an action filed against a union for a breach of its duty to fairly represent a member, is to be given retroactive effect pursuant to a 1984 Sixth Circuit decision.

*Price, Rucker & Cato* (by *James E. Rucker*), for plaintiff.

*Haggerty & Franklin* (by *Lee R. Franklin*), for defendants.

Before: R. M. MAHER, P.J., and HOOD and R. B. MARTIN,* JJ.

HOOD, J. Plaintiff appeals as of right from a March 9, 1983, Wayne County Circuit Court order of dismissal which granted defendant's motion for accelerated judgment, GCR 1963, 116.1(5).

On October 30, 1981, plaintiff filed this action against her labor union and its agent in the Wayne County Circuit Court. In that complaint, plaintiff alleged that defendants failed to file a timely grievance for arbitration on her behalf after the Prentis Home for the Aged terminated her employment as a nurses aid. Plaintiff alleged

* Former circuit judge, sitting on the Court of Appeals by assignment.

that as a consequence of defendants' failure to file a timely grievance for arbitration, she was denied a hearing on the merits of her dispute and any opportunity for reemployment or reinstatement with the Prentis Home. Plaintiff further alleged:

"6. That plaintiff was injured in her employment on November 25, 1978, and received workmen's compensation for approximately one (1) year when said benefits were denied. She was terminated from her place of employment in December, 1979, and a grievance pursuant to the terms of an agreement between defendant labor union and plaintiff's employer was filed and processed through the several steps of the grievance procedure and submitted for arbitration before the Honorable William Haber, who was selected through the procedures of the American Arbitration Association.

"7. That a hearing on the arbitration was heard on August 29, 1980, and appearing on behalf of plaintiff was defendant Thomas J. Marsh, a research specialist for defendant union herein, presented the case for plaintiff and union. The representers of the employer successfully argued that the grievance had not been filed in the allotted time and as a consequence thereof the arbitrator dismissed the grievance.

"8. That said defendant Service Employers' International Union, Local 79 owed a duty to plaintiff and all other people represented by defendant to timely and competently represent the said employees based on contractual rights held by employees with the subject employer.

"9. That Step 4 of Article VI of the grievance procedure outlined in an agreement between defendant union and plaintiff's employer provides that, 'if a satisfactory dispostion of the grievance is not made as a result of the meeting provided for in Step 3 above, either the home or the union shall have the right to appeal the dispute to an impartial arbitrator under and in accordance with the rules of the American Arbitration Association. Such appeal must be taken within fifteen (15) days from the date of the meeting provided for in Step 3 above * * *'.

"10. That said defendant was negligent in not filing plaintiff's grievance in a timely expeditious manner and was further negligent in not employing competent counsel to pursue plaintiff's grievance pursuant to rights she had under a labor agreement. Such acts or lack of action on the part of defendants effectively denied plaintiff's rights under a labor agreement and was the proximate cause of injuries and damages sustained by plaintiff * * *

"11. That as a consequence of the negligence of both defendants, plaintiff lost her employment and has suffered losses occasioned by the loss of income since her discharge in December, 1979."

Defendants filed a motion for accelerated judgment, GCR 1963, 116.1(5), alleging that plaintiff's action was an attempt to vacate arbitrator William Haber's January 13, 1981, decision pursuant to GCR 1963, 769.9.[1] Defendants alleged that because GCR 1963, 769.9(2) requires that an application for vacating an arbitration award be filed within 20 days after its grounds are known, plain-

---

[1] GCR 1963, 769.9 states in pertinent part:

".9 Vacating an Award

"(1) upon application of a party, the court shall vacate an award where:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

"(c) The arbitrators exceeded their powers; or

"(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing as to prejudice substantially the rights of a party.

"But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

"(2) An application under this Rule shall be made within 20 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 20 days after such grounds are known or should have been known."

tiff's complaint, filed over nine months after plaintiff received or should have received a copy of arbitrator Haber's decision, was barred. Defendants relied on *United Parcel Service, Inc v Mitchell,* 451 US 56; 101 S Ct 1559; 67 L Ed 2d 732 (1981), in making this argument. Plaintiff argued that Michigan's three-year period of limitation for tort actions applied in this case. MCL 600.5805(8); MSA 27A.5805(8).[2] The trial court denied defendants' motion.

Soon afterward, the Sixth Circuit issued its opinion in *Badon v General Motors Corp,* 679 F2d 93 (CA 6, 1982). In *Badon* the court decided that the period of limitation for an action, such as this, filed against a union for a breach of its duty to fairly represent a member, should be six months pursuant to an analogous six-month period of limitation found at § 10(b) of the National Labor Relations Act (NLRA), 29 USC 160(b).[3] The defendants moved for a rehearing of their motion for acceler-

---

[2] "Sec. 5805. (1) A person shall not bring or maintain an action to recover damages for injuries to person or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

\* \* \*

"(8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property."

[3] NLRA § 10(b) states in pertinent part:

"(b) Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board, or any agent or agency designed by the Board for such purposes, shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board or a member thereof, or before a designated agent or agency, at a place therein fixed, not less than five days after the serving of said complaint: *Provided,* That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made, unless the person aggrieved thereby was prevented from filing such charge by reason of service in the armed forces, in which event the six-month period shall be computed from the day of his discharge." 29 USC 160.

ated judgment. Defendants argued that either *Mitchell, supra, or Badon, supra,* applied retroactively to this case and either a 20-day or six-month period of limitation applied. Therefore, defendants argued that plaintiff failed to file this action in a timely manner and it should be dismissed. The trial court agreed that the period of limitation for this action was either the 20 days mandated by GCR 1963, 769.9(2) *(Mitchell),* or six months *(Badon),* and dismissed the action.

We find that we are constrained to agree that a six-month period of limitation retroactively applies in this case and affirm. We do so because we are bound by Sixth Circuit precedent. *Smith v General Motors Corp,* 747 F2d 372 (CA 6, 1984). Although we affirm, we address the law on this issue in order to express our disagreement with the decision rendered in *Smith.*

At the time plaintiff filed her complaint, the Court had already decided *Mitchell, supra.* In *Mitchell,* the Court said that in an action against an employer for breach of a collective-bargaining agreement brought pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 USC 185,[4] and filed in a New York federal district court, the appropriate statute of limitation for that action

---

[4] LMRA § 301 states in part:

"Suits by and against labor organizations.

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 USC 185.

We note that even though plaintiff does not state in her complaint that this action is one brought pursuant to § 301, we find that her action must be considered as brought under that statute. See *Avco Corp v Aero Lodge No 735, International Association of Machinists & Aerospace Workers,* 376 F2d 337, 340 (CA 6, 1967).

was N Y Civ Prac Law and Rules § 7511(a), New York's 90-day limitation period for applying for a vacation of an arbitration award. In *Mitchell,* 451 US 60, the Court recognized that LMRA § 301 did not contain its own period of limitation. Therefore, the Court followed earlier precedent, *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (UAW), AFL-CIO v Hoosier Cardinal Corp,* 383 US 696, 704-705; 86 S Ct 1107; 16 L Ed 2d 192 (1966), in which it said, "the timeliness of a § 301 suit * * * is to be determined, *as a matter of federal law, by reference to the appropriate state statute of limitations"*. (Emphasis added.) The narrow question presented to the Court in *Mitchell* was which of two New York statutes of limitation was more appropriate, New York's six-year period of limitation for breach of contract actions or the 90-day limitation for vacation of arbitration awards. Justice Stewart, concurring in the judgment, 451 US 65-71, would have broken with precedent and applied the six-month limitation period of § 10(b) of the NLRA to the action, although the parties in *Mitchell* did not raise that issue.

In *Badon, supra,* the court followed *Mitchell* in analyzing which Michigan statute of limitations applied to a union member's suit against both the employer and union filed in a Michigan federal district court. The *Badon* court said that the 20-day limitation period found at GCR 1963, 769.9(2), could not apply because the Michigan Legislature specifically excluded application of the court rule to labor arbitration disputes. MCL 600.5001(3); MSA 27A.5001(3).[5] The *Badon* court instead

---

[5] MCL 600.5001(3); MSA 27A.5001(3), provides;

"(3) The provisions of this chapter shall not apply to collective contracts between employers and employees or associations of employees in respect to terms or conditions of employment."

adopted the six-month period of limitation found at § 10(b) of the NLRA.

The Supreme Court echoed the *Badon* decision in *DelCostello v International Brotherhood of Teamsters,* 462 US 151; 103 S Ct 2281; 76 L Ed 2d 476 (1983), and found that in actions against both an employer, for breach of a collective-bargaining agreement pursuant to the LMRA § 301, and the employee's union, for breach of the union's duty to fairly represent its member, a hybrid § 301 action, the § 10(b) six-month period of limitation should be borrowed. This Court has since followed *Badon* and *DelCostello* and held that the applicable period of limitation for an action such as this is six months. *Romero v Paragon Steel Division, Portec, Inc (On Remand),* 129 Mich App 566, 572-573; 341 NW2d 546 (1983), *lv den* 419 Mich 861 (1984).

The question to be addressed in this case is whether that six-month period of limitation should apply retroactively to this action which was filed before *Badon, DelCostello* and *Romero (On Remand)* were decided. Defendant also argues that this Court must address the issue of whether *Mitchell* should apply retroactively (and thus GCR 1963, 769.9[2] would apply) since *Mitchell* was decided prior to the filing of this action. However, whether or not *Mitchell* is retroactive, it does not change the result in this case. In *Badon* the court did apply *Mitchell* and still found that GCR 1963, 769.9(2) could not apply because of the Michigan Legislature's specific prohibition against the use of that limitation period in labor arbitration disputes.

In *Pitts v Frito-Lay, Inc,* 700 F2d 330 (CA 6, 1983), plaintiff brought a § 301 action against his employer, for breach of the collective-bargaining agreement, and his union, for breach of its duty of fair representation. On appeal of a jury verdict for plaintiff, the sole issue before the court was

whether *Badon* should apply retroactively to Pitts' action. *Badon* was decided while *Pitts* was pending on appeal. In *Pitts* the court said, p 332:

"If *Badon* is to be given retroactive effect thereby rendering the six month limitation period of § 10(b) applicable to this action, then, clearly, the within cause is timebarred. Conversely, if *Badon* is limited to prospective application, then, pursuant to this Circuit's previous line of authority, Michigan's three-year tort statute governs and the action is timely. *Echols v Chrysler Corp,* 633 F2d 722 (CA 6, 1980); *Gallagher v Chrysler Corp,* 613 F2d 167 (CA 6, 1980), *cert den,* 449 US 841; 101 S Ct 119; 66 L Ed 2d 48 (1980); *Smart v Ellis Trucking Co,* 580 F2d 215 (CA 6, 1978), *cert denied,* 440 US 958; 99 S Ct 1497; 59 L Ed 2d 770 (1979)." (Footnote omitted.)

The *Pitts* panel then analyzed the case using the factors for determining retroactivity enumerated in *Chevron Oil Co v Huson,* 404 US 97, 106-107; 92 S Ct 349; 30 L Ed 2d 296 (1971): (1) whether the decision requested to be applied retroactively overruled clear past precedent or decided an issue of first impression not clearly foreshadowed, (2) whether retroactive effect would further or retard the operation of the newly announced principle, and (3) whether retroactive effect would be inequitable. The *Pitts* panel then stated, pp 333-334:

"Applying the *Chevron* factors to the case at bar, this Court is persuaded that the shorter limitation period adopted in *Badon* should not be applied retroactively.[3] As previously indicated, prior to *Badon,* this Court had consistently held that Michigan's three-year tort statute applied to § 301 actions. It is true that our decisions applying the three-year statute postdated the accrual of Pitts' cause of action and filing of suit. Thus, he cannot be said to have relied on those decisions. Nevertheless, the Supreme Court decision directing federal courts to apply the most analogous state statute of limitations in

§ 301 actions was decided in 1966, several years prior to the events culminating in this lawsuit. *International Union, UAW, v Hoosier Cardinal Corp,* 383 US 696; 86 S Ct 1107; 16 L Ed 2d 192 (1966). As cases in this Circuit applying *Hoosier Cardinal Corp,* demonstrate, Pitts could quite justifiably conclude that Michigan's three-year, tort limitations period governed his actions.

"With respect to the second element identified in *Chevron,* this Court is aware that the rationale espoused in *Badon* for adopting the six-month, NLRA limitations period is that the six-month period strikes a proper balance between the national interest in the finality of private labor settlements and the employee's interest in overturning an unjust settlement under the bargaining agreement. *Badon v General Motors, supra,* 679 F2d at 99, citing *United Parcel Service v Mitchell, supra* 451 US at 70-71, 101 S Ct at 1568 (Stewart, J. concurring). The Court does not believe, however, that prospective application of that limitations period will seriously undermine the policy behind its adoption. Certainly, retroactive application would promote the finality of private labor settlements by immediately insulating from attack any resolution concluded for a period of six months. However, this finality is achieved at the expense of the employee's justifiable belief that his ability to undo iniquitous settlements, the countervailing weight in the balance, would extend for three years. Accordingly, the Court concludes that the policies justifying the result in *Badon* are not offended, indeed they are promoted, by limiting the six-month limitations period to prospective application.

"The third component of the *Chevron* analysis is the 'inequity imposed by retroactive application.' As in *Chevron,* this Court concludes that such application would be extremely unjust since the plaintiff 'could not have known the time limitation imposed upon him.' Indeed the injustice would be even more egregious in the instant case because, in *Chevron,* the parties had merely reached the discovery stage of the litigation, whereas in the matter *sub judice* the case has already proceeded to trial and judgment.

"In sum then, the Court is constrained to conclude that the six-month statute of limitations adopted in

*Badon* for suits of this nature should not be given retroactive effect."

---

"³ This Court has recently determined, employing the *Chevron* analysis, that *United Parcel Service v Mitchell* should be applied retroactively. *Lawson v Truck Drivers, Chauffeurs & Helpers, Local Union 100,* 698 F2d 250 (CA 6, 1983). The conclusion arrived at in the instant matter is not in conflict with *Lawson.* In *Mitchell,* as this Court observed in *Lawson, supra,* at 332, the Supreme Court was merely clarifying a rule—a rule which had been established 15 years earlier in *International Union, UAW v Hoosier Cardinal Corp,* 383 US 696, 86 S Ct 1107, 16 L Ed 2d 192 (1966). *Hoosier Cardinal,* held that 'the timeliness of a § 301 suit * * * is to be determined, as a matter of federal law, by reference to the appropriate *state* statute of limitations.' *Id.* at 704-705, 86 S Ct at 1112-1113 (emphasis added). The Supreme Court in *Mitchell* was simply 'called upon to determine which *state* statute of limitations period should be borrowed and applied to an employee's action against his employer under § 301.' *United Parcel Service, Inc v Mitchell, supra,* 451 US at 57, 101 S Ct at 1561 (emphasis added). Accordingly, this Court concluded that *Mitchell* does not represent 'the kind of "clean break" with past precedent contemplated in *Chevron.' Lawson, supra,* at 254.

"In *Badon,* however, this Circuit decided, notwithstanding the foregoing precedent directing utilization of a state limitations period, that in Michigan the courts must apply a *federal* statute of limitations to § 301 actions. *Badon* therefore is not a mere clarification of an established rule nor was it clearly foreshadowed by other decisions in this area of the law. Rather, *Badon* creates a new rule of law and represents a clean break with past precedent.

"The Court would observe that the Supreme Court has recently granted ceriorari in two cases to consider the suitability of applying § 10(b) to § 301 actions. *DelCostello v International Brotherhood of Teamsters,* 679 F2d 879 (CA 4, 1982) *cert granted* 459 US 1034; 103 S Ct 442, 74 L Ed 2d 599 (1982); *Flowers v Local 2602, United Steelworkers of America,* 671 F2d 87 (CA 2, 1982). This, of course, does not alter our characterization of *Badon* as an unforeseen development in the law.

"For the foregoing reasons, the Court concludes that the propriety of affording *Badon* retroactive effect, the issue presented in the matter *sub judice,* is distinguishable from the issue of applying *Mitchell* retroactively and it follows, a fortiori, that the instant case is distinguishable from *Lawson.*"

---

We find the reasons for nonretroactivity equally, if not more, compelling in this case. First *Badon* and *DelCostello* overruled clear past precedent. Plaintiff's attorney could justifiably rely on *Mitchell,* decided three months after plaintiff's cause of action accrued. By doing so, he would have turned

to GCR 1963, 769.9(2) and MCL 600.5001(3) and found that the 20-day period in the court rule could not apply. Turning then to federal authority in the Sixth Circuit, *Echols, supra, Gallagher, supra,* and *Smart, supra,* plaintiff's counsel could reach the conclusion that plaintiff had three years in which to file her action in Michigan. Furthermore, the policies justifying the result in *Badon* and *DelCostello* are not offended by nonretroactivity in this case. Plaintiff filed her action only 3-1/2 months after a six-month period had run. Obviously, her claim could not be considered stale. Moreover, this is not a case of plaintiff's disgreement with an arbitrator's decision, but an allegation that her union was so negligent that the substance of her discharge dispute was not heard and cannot now be decided by an arbitrator. Finally, applying *Badon* retroactively in this case would be inequitable. Plaintiff's attorney justifiably relied on existing precedent which held that Michigan's three-year period of limitation applied, given the specific prohibition against the use of GCR 1963, 769 for matter of labor disputes.

Nevertheless, and regardless of the fact that we find that the *Chevron* analysis compels nonretroactivity, we must follow *Smith, supra.* In that case, an *en banc* panel of the Sixth Circuit decided by a vote of eight to three that it was not necessary to apply the *Chevron* analysis to determine whether *DelCostello* applies retroactively. Instead the court said:

"[B]ecause the Supreme Court implicitly held in *Del-Costello* that the statute of limitations should be applied retroactively by barring the claim that was in front of the Court * * * Accordingly, we hold that the six-month statute of limitations for hybrid, section 301/ unfair representation claims is applicable to all cases

pending at the time *DelCostello* was decided." *Smith, supra,* p 375.

The dissent in *Smith* disagreed that a *Chevron* analysis could be bypassed. The dissent then analyzed the *Chevron* factors and concluded that the six-month limitation period should not apply to § 301 hybrid cases filed pre-*DelCostello* in Michigan.

"The majority apparently forgets, or ignores, the uniqueness of the circumstances confronted by the circuit with respect to Michigan and Kentucky law; while in nearly all other jurisdictions in the nation *DelCostello* expanded the time for the initiation of [301/hybrid] lawsuits, in these two states the Court has substantially reduced that time period. In view of that unique situation, and the mandate of *Chevron* which commands a review of the circumstances of *each* case, I would require that in [301/hybrid] lawsuits filed in a timely fashion pursuant to the state law in effect prior to *DelCostello,* the § 10(b) bar would not be applied." *Smith, supra,* p 382.

Although we agree with the above reasoning, because this is an issue of federal law, the Sixth Circuit's decisions are binding precedent. Thus, the majority opinion in *Smith* controls.

Affirmed.