DUNDEE v PUERTO RICO MARINE MANAGEMENT, INC

Docket Nos. 76804, 83677. Submitted April 10, 1985, at Detroit.—
Decided November 19, 1985. Leave to appeal applied for.

Tony Dundee, an able-bodied seaman on a vessel operated by
Puerto Rico Marine Management, Inc., was injured when a line
came off a bitt and struck Dundee. Dundee brought, in Wayne
Circuit Court, an admiralty action based upon a claim that the
ship was unseaworthy. At trial, plaintiff and another seaman
testified that plaintiff was in the position that he was when he
was struck by the line because of a dangerous oil slick. Plaintiff
further testified that the first mate had ordered him to stand
within the bight of the line and thus place himself at risk. The
master of the ship testified that a seaman of ordinary experi-
ence would be aware of the dangers of stepping inside the bight
of a line. The jury returned a verdict of $350,000 in plaintiff's
favor but found ten percent comparative negligence on plain-
tiff's part. The trial court, Roland L. Olzark, J., awarded
statutory prejudgment interest. Defendant appealed. During
the pendency of that appeal, the trial court granted plaintiff's
motion for judgment notwithstanding the verdict with respect
to the jury's verdict finding plaintiff comparatively negligent.
Defendant filed an application for a delayed appeal from the
order setting aside the jury's comparative negligence finding.
The Court of Appeals peremptorily considered the issue raised
in the application for delayed appeal with the issues raised in
the initial appeal. *Held:*

1. Defendant failed to properly raise and proceed on the
jurisdictional challenge it now seeks to assert, accordingly, the
jurisdictional challenge is deemed to be waived.

2. Since plaintiff's action is one in admiralty, the action is
governed by admiralty rules even though tried in a state court.

REFERENCES

Am Jur 2d, Admiralty §§ 55, 213.
Am Jur 2d, Courts §§ 183-203.
Am Jur 2d, Criminal Law §§ 338-342.
Award of prejudgment interest in admiralty suits. 34 ALR Fed 126.
See also the annotations in the ALR3d/4th Quick Index under
Admiralty; Jurisdiction.

The United States Court of Appeals for the Sixth Circuit has held that interest may not be awarded on personal injury claims in admiralty until damages have been fixed by a judicial determination. Since Michigan courts are bound by that interpretation of federal law, the trial court erred in awarding prejudgment interest.

3. There was sufficient evidence to support the charging of the jury on the question of seaworthiness even though there had been no expert testimony on that question.

4. The trial court did not abuse its discretion by denying defendant's motion for *remittitur.*

5. Since there was evidence from which the jury could have reasonably found plaintiff to be comparatively negligent, the trial court erred by setting aside the jury's finding of comparative negligence.

Affirmed in part, reversed in part.

1. CRIMINAL LAW — JURISDICTION — PERSONAL JURISDICTION — DEFENSES — PLEADINGS — WAIVER.

The defense of lack of personal jurisdiction is waived unless it is properly raised in a party's first responsive pleading; a nonspecific assertion in the first responsive pleading that the court lacked jurisdiction in the matter is not sufficient to preserve the defense of lack of personal jurisdiction from waiver where the defendant does not urge or argue the defense of lack of jurisdiction until just before trial and then argues not a lack of jurisdiction by the court but rather that the court was a *forum non conveniens.*

2. ADMIRALTY — PREJUDGMENT INTEREST — FEDERAL COURTS — STATE COURTS.

An action in admiralty, even when brought in a Michigan state court, is tried under the applicable federal admiralty rules; accordingly, the question of whether prejudgment interest should be awarded is determined by what would be done by federal courts in admiralty cases.

3. COURTS — FEDERAL LAW — PRECEDENT.

The Michigan Court of Appeals is bound by precedent set by the Sixth Circuit of the United States Court of Appeals in regard to issues of federal law.

4. ADMIRALTY — PREJUDGMENT INTEREST — STATE COURTS.

The applicable federal rule with respect to interest in admiralty cases is that interest may not be awarded on personal injury and death claims in admiralty until the amount of damages has

been fixed by judicial determination; accordingly, it is error for a Michigan circuit court to award prejudgment interest on an admiralty claim brought in the state court.

5. Admiralty — Seaworthiness — Evidence — Expert Testimony.

Recovery on an admiralty claim based upon a claim of the unseaworthiness of a ship is not dependent upon the plaintiff's presenting of expert testimony as to the unseaworthiness of the ship where the nature of the claim is such that the unseaworthiness, that is that the vessel was not reasonably fit for its intended use, can be shown by nonexpert testimony.

6. Appeal — Judgment Notwithstanding The Verdict — Standard of Review.

The standard for review of a lower court determination to grant or deny a motion for a judgment notwithstanding the verdict is whether, after viewing the facts and all legitimate inferences therefrom in the light most favorable to the party opposing the motion, reasonable persons could differ; if they could, the question is one for the trier of fact.

*The Jaques Admiralty Law Firm, P.C.* (by *Leonard C. Jaques)*, for plaintiff.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Timothy R. Sinclair)*, for defendant.

Before: Hood, P.J., and V. J. Brennan and R. M. Maher, JJ.

Per Curiam. Defendant appeals as of right from a jury verdict of $350,000, reduced by ten percent for comparative negligence, which was awarded to plaintiff in his action for damages for injuries sustained because of the unseaworthiness of a ship operated by defendant. Thereafter, plaintiff filed a motion for judgment notwithstanding the verdict regarding the jury verdict finding plaintiff comparatively negligent. However, before that motion was decided, defendant filed its claim of appeal. Subsequently, the trial court granted plaintiff's motion and set aside the verdict of comparative negligence. Thereafter, pursuant to MCR 7.205(F), de-

fendant filed an application for delayed appeal as of right from that order. Pursuant to MCR 7.250(D), we peremptorily resolve the issue on the merits in conjunction with the issues raised in defendant's initial appeal as of right.

Defendant first argues that the trial court erred by denying defendant's motion to dismiss for lack of jurisdiction because defendant did not have sufficient contacts with Michigan to establish either general or limited personal jurisdiction over the corporation under MCL 600.711; MSA 27A.711 or MCL 600.715; MSA 27A.715. We disagree with this contention. The defense of lack of personal jurisdiction is waived unless it is properly raised in a party's first responsive pleading. GCR 1963, 116.2. In this case, defendant asserted only that "plaintiff's complaint fails to state a cause of action against its answering defendant for the reason that this Court lacks jurisdiction in the premises" in its answer. Defendant did not indicate in any way whether this bald assertion attacked the court's subject matter jurisdiction, its jurisdiction over the property, or its jurisdiction over defendant. Nothing further was alleged or argued by defendant until four years later, immediately before trial. At that time, defendant asserted the court's lack of jurisdiction, arguing not that the court did not have jurisdiction over the party or parties, but rather that, although the court did have such jurisdiction, the Michigan court was an inconvenient forum, *i.e., forum non conveniens.* Under these circumstances, we find that defendant waived its right to assert its jurisdictional defense.

Defendant next argues that the trial court improperly awarded prejudgment interest on the jury verdict in accordance with MCL 600.6013; MSA 27A.6013. The jury verdict did not include such interest and the interest was awarded by the court

in its judgment. Defendant subsequently moved for relief from the judgment, but the motion was denied.[1]

We find that the trial court did err by awarding plaintiff prejudgment interest on the judgment. An action in admiralty, such as plaintiff's claim of the unseaworthiness of defendant's vessel, should be tried under the applicable rules of admiralty even when brought in a state court. *Sullivan v Pittsburgh Steamship Co,* 230 Mich 414, 419; 203 NW 126 (1925). Unfortunately, the federal courts, charged with interpreting those rules, have reached different conclusions on the question of whether a court may award prejudgment interest on damages sustained as the result of a maritime tort. See *Canova v Travelers Ins Co,* 406 F2d 410 (CA 5, 1969), *cert den* 396 US 832; 90 S Ct 88; 24 L Ed 2d 84 (1969), *Petition of the City of New York,* 332 F2d 1006 (CA 2, 1964), *cert den* 379 US 922; 85 S Ct 277; 13 L Ed 2d 335 (1964), and *Peterson v Chesapeake & O R Co,* 582 F Supp 1581 (WD Mich, 1984). In this case, because this is a matter of federal law, we follow the direction of the Sixth Circuit. *Ogletree v Local 79, Service Employees International Union,* 141 Mich App 738; 368 NW2d 882 (1985). On this issue, the Sixth Circuit has held that interest may not be awarded on personal injury and death claims in admiralty until the amount of damages has been fixed by judicial determination. *Peterson, supra,* 582 F Supp 1582, and cases cited therein. We also note that the United States District Court for the West-

---

[1] We reject plaintiff's argument that this Court should not address the merits of defendant's claims on this issue because the proceedings on the motion were not transcribed and forwarded to this Court. Defendant is appealing from the underlying judgment, and this Court is not disadvantaged in any way by the omission of the motion transcript because the trial court reached a purely legal conclusion on the issue of whether or not to award prejudgment interest.

ern District of Michigan has held, in *Peterson, supra,* that where the admiralty cause of action is tried solely to a jury, as it was in this case, prejudgment interest may only be granted by the jury. 582 F Supp 1583. Under either of these analyses, the trial court should not have awarded plaintiff prejudgment interest. We, therefore, vacate that portion of the judgment.

Defendant next argues that the trial court erred by instructing the jury on the issue of seaworthiness when plaintiff did not present any expert testimony to support its theory. We disagree. Plaintiff's theory was supported by his testimony and that of a fellow crewman. Together, they presented testimony which established that plaintiff was struck with tremendous force by a cut line which came over a bitt as the capstan winch was activated and that plaintiff was in the position to be struck because of a dangerous oil slick which permeated the working area. This evidence was sufficient to establish that the vessel was not reasonably fit for its intended use. *Shemman v American Steamship Co,* 89 Mich App 656, 665; 280 NW2d 852 (1979), *lv den* 407 Mich 875 (1979). We also note that defendant did not object at trial to the giving of the instruction now complained of and that defendant has not cited any authority for the proposition defendant now asserts on appeal.

Defendant next argues that the trial court erred by denying defendant's motion for *remittitur.* After reviewing the record, we conclude that the trial court did not abuse its discretion by denying the motion for *remittitur. Jones v Sanilac County Road Comm,* 128 Mich App 569, 592; 342 NW2d 532 (1983), *lv den* 419 Mich 936 (1984).

Defendant's final claim is that the trial court erred by setting aside the jury's verdict finding plaintiff comparatively negligent. We agree. A

motion for judgment notwithstanding the verdict should be denied if, viewing the facts in a light most favorable to the motion's opponent, reasonable persons could differ. *Wilson v Chesapeake & O R Co*, 118 Mich App 123; 324 NW2d 552 (1982), *lv den* 417 Mich 1044 (1983). The defense of comparative negligence requires evidence of some negligent act or omission by the plaintiff. *Kingston v Markward & Karafilis, Inc*, 134 Mich App 164, 175-176; 350 NW2d 842 (1984).

In the instant case, the ship's captain testified that a seaman of ordinary experience would be aware of the dangers of stepping inside a bight of rope. The fellow crewman testified that in order for plaintiff to perform the task to which he was assigned at the time of the injury, it was necessary for him to work next to or amidst the bights of the lines. Plaintiff, however, testified that the first mate ordered him to stand inside the bight of the rope. The trial court described plaintiff's testimony as "unrefuted".

There was a question of fact as to whether plaintiff, in order to perform the assigned task, had to stand inside the bight of the rope, exposing himself to the injury which he suffered, or whether, albeit with some difficulty, he could have performed the task without stepping inside the bight of the rope. The finding of only ten percent comparative negligence suggests that the jury found that plaintiff could have avoided the injury, but only by being extremely careful and by constantly observing his position with respect to the bights of the lines and that accordingly, defendant was far more negligent for assigning plaintiff to the task without appropriate safeguards, supervision, or assistance.

Furthermore, the fact that plaintiff's description of the first mate's order is unrefuted means noth-

ing; the jury was still free to disregard this testimony as not credible, or, if credible, to give it no weight. *People v Jackson,* 390 Mich 621, 625, fn 2; 212 NW2d 918 (1973). The issue was whether defendant carried its burden of coming forward with some evidence of plaintiff's negligence. The captain's testimony is precisely such evidence, for it suggests that a competent seaman would not step inside a bight of a rope to perform any task. The trial court erred in granting plaintiff's motion for judgment notwithstanding the verdict because there was evidence from which reasonable persons could disagree as to whether plaintiff was negligent.

Affirmed in part; reversed in part. The judgment is modified to the extent provided by this opinion.