ELSNER v ALBRECHT

Docket No. 111566. Submitted February 20, 1990, at Lansing. Decided April 25, 1990. Leave to appeal applied for.

Mortgagors, Max M. and Jacquelyn M. Elsner, brought an action in the Oakland Circuit Court, Robert C. Anderson, J., against their mortgagee's assignees, Harley and Donna Albrecht, seeking to quiet title in their property and remove the mortgage and note involved. The mortgagee had failed to disburse any funds to the Elsners but assigned the mortgage and the note to the Albrechts for $26,500. The Albrechts claimed status as holders in due course. The trial court denied the Albrecht's motion for summary disposition and granted summary disposition to the Elsners, ruling that they could, and did, rescind the transaction under the federal Truth in Lending Act. The Albrechts appealed.

The Court of Appeals *held*:

1. The Elsners were entitled to rescind the mortgage contract under the Truth in Lending Act and regulation z, 12 CFR 226.1 *et seq.*, 15 USC Foll 1700, because the mortgagee failed to deliver two copies to each borrower of the notice of right to cancel as required under 15 USC 1635(a), 12 CFR 226.23(b).

2. The transaction here, the financing of a balloon payment due under a land contract sale, is not a residential mortgage transaction exempt from the rescission provisions of the act and regulation z.

3. The trial court did not abuse its discretion in ordering rescission without restitution where the Elsners had not received any money from the mortgagee.

Affirmed.

1. Mortgages — Rescission of Mortgages.

The federal Truth in Lending Act and Truth in Lending, regulation z, provide for rescission of a mortgage contract until three

References

Am Jur 2d, Consumer and Borrower Protection §§ 59, 88-90, 92, 109.

Obligations of the parties under sec. 125(b) of Truth in Lending Act (15 USCS sec. 1635(b)) upon rescission of credit transaction involving real estate. 61 ALR Fed 839.

days after the latest of the following events: (1) consummation of the transaction, (2) delivery of two copies to each borrower of the notice of right to cancel, or (3) delivery of all material disclosures (15 USC 1601 *et seq.,* 12 CFR 226.1 *et seq.,* 15 USC Foll 1700).

2. MORTGAGES — RESCISSION OF MORTGAGES.

The federal Truth in Lending Act provides that mortgagors who never received two copies each of the notice of the right to cancel the mortgage have a continuing right to rescind, subject to the statute of limitations; the fact that the joint obligors may be husband and wife is irrelevant and each must be provided with two copies of the notice (15 USC 1635[a], 12 CFR 226.23[b]).

3. MORTGAGES — RESCISSION OF MORTGAGES — HOLDER IN DUE COURSE.

The federal Truth in Lending Act's rescission remedy preempts the holder in due course doctrine (15 USC 1601 *et seq.,* 12 CFR 226.1 *et seq.,* 15 USC Foll 1700).

4. MORTGAGES — RESCISSION OF MORTGAGES — LAND CONTRACTS.

The federal Truth in Lending Act's rescission provisions which exempt from rescission a residential mortgage transaction do not include within the definition of a residential mortgage transaction the financing of a balloon payment due under a land contract sale (15 USC 1635[e][1], 12 CFR 226.2[a][24], 12 CFR 226.23[f][1]).

5. MORTGAGES — RESCISSION OF MORTGAGES — PROMISSORY NOTE.

The federal Truth in Lending Act allows in certain circumstances for a mortgagor to rescind the transaction including pendent documents such as the promissory note; in such instances the obligor shall tender the property received back to the creditor in order to return to the status quo ante (15 USC 1635[a] and [b], 12 CFR 223.26[a][1]).

*UAW-GM Legal Services Plan* (by *Jennifer S. Bidwell*), for plaintiffs.

*Vestevich, Dritsas, McManus, Evans, Payne & Vlcko, P.C.* (by *William J. Lamping*), for defendant.

Before: NEFF, P.J., and MACKENZIE and JANSEN, JJ.

Per Curiam. The present case involves two parties who were victimized by the Diamond-Obie mortgage scheme. Diamond Mortgage, ostensibly as a loan broker, arranged for a mortgage on plaintiffs' property, which was in turn funded by defendants as investors. Although Diamond Mortgage failed to disburse the funds to plaintiffs, Diamond assigned the mortgage and note to defendants for the sum of $26,500. Since plaintiffs never received any money, plaintiffs sued to quiet title and remove the mortgage. Defendants claim status as holders in due course, and claim they are entitled to payment on the mortgage and note regardless of Diamond's fraudulent actions. Upon cross-motions for summary disposition, the circuit court ruled from the bench on August 3, 1988, that plaintiffs could, and did, rescind the transaction under the federal Truth in Lending Act (TILA), 15 USC 1601 *et seq.* Defendants appeal as of right the order granting plaintiffs' motion for summary disposition and denying defendants' motion for summary disposition.

In 1986, plaintiffs decided to borrow money from Diamond Mortgage in order to pay the balance on their land contract, as well as pay for home improvements. Plaintiffs met with a representative at Diamond's office in February, 1986. At a second meeting, plaintiffs signed a note and mortgage along with a loan application. At this meeting, plaintiffs each received one copy of a "Notice of Right to Cancel." Plaintiffs claim they were told that the documents they signed were only preliminary documents and that they would not sign the final binding papers until they received the money.

On March 28, 1986, Diamond assigned the note and mortgage to defendants in exchange for $26,500. Plaintiffs never received any disbursements from their loan and did not learn of the assign-

ment until approximately March 16, 1987. On or about that date, defendants wrote to plaintiffs citing the mortgage and note and demanding payment. Plaintiffs filed their complaint on July 9, 1987, naming only defendants, but alleging violations by Diamond Mortgage of the TILA and Michigan Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.* Plaintiffs' complaint sought injunctive and declaratory relief which would, in sum, void the entire transaction, mortgage, note, and other documents. Plaintiffs also requested various fees and costs authorized by federal and state statutes. Plaintiffs specifically elected to rescind the transaction pursuant to the TILA.

First, we find that plaintiffs were entitled to rescind the mortgage contract under the TILA and Regulation z, 12 CFR 226.1 *et seq.,* 15 USC Foll 1700 (Reg z). The TILA and Reg z provide for rescission until three days after the latest of the following events: (1) consummation of the transaction, (2) delivery of two copies to each borrower of the notice of right to cancel, or (3) delivery of all "material disclosures." We find that plaintiffs were entitled to rescind the transaction because Diamond Mortgage failed to deliver two copies to each borrower of the notice of right to cancel.

This case is virtually identical to a federal district court case involving two other parties victimized by the Diamond-Obie mortgage scheme. In *Stone v Mehlberg,* 728 F Supp 1341 (WD Mich, 1989), the federal district court granted summary disposition to plaintiffs who had rescinded their mortgage transaction. In *Stone,* as in the present case, the trial court found that each plaintiff had not received two copies of their right to cancel as required under 15 USC 1635(a), 12 CFR 226.23(b). As the *Stone* court held, this requirement is not a

mere technicality and requires that two copies be provided to each spouse since both had an ownership interest in the residence. *Stone,* 1353. "The fact that joint obligors may be husband and wife is irrelevant. Spouses are no more interchangeable under the TILA's rescission provisions than any other group of persons." *Id.* Where the notice of right to cancel is not delivered, plaintiffs' right to rescind continues, subject to the statute of limitations. *Rudisell v Fifth Third Bank,* 622 F2d 243, 247 (CA 6, 1980). The *Stone* court went on to note that plaintiffs were not prevented from rescinding their mortgage agreement because of defendants' status as holders in due course, holding the TILA's rescission remedy preempts the holder in due course doctrine. *Stone, supra* at 1348.

We choose to follow the holding in *Stone* and find that the trial court did not err in allowing plaintiffs to rescind their mortgage transaction. This Court follows Sixth Circuit cases on federal matters. *Dundee v Puerto Rico Marine Management, Inc,* 147 Mich App 254, 258; 383 NW2d 176 (1985), lv den 425 Mich 858 (1986). Therefore, the trial court properly granted plaintiffs' motion for summary disposition. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988).

We are not persuaded by defendants' contention that the transaction, as a "residential mortgage transaction," is exempt from the rescission provisions of the TILA and Reg Z under 15 USC 1635(e)(1), 12 CFR 226.23(f)(1). Official staff commentary to 12 CFR 226.2(a)(24) specifically sets forth that the "residential mortgage transaction" does not include the financing of a balloon payment due under a land contract sale as is the situation in the present case.

Considering our disposition on the above issue, we do not address the question whether there was a failure to deliver all "material disclosures" or whether the transaction was "consummated" under the TILA and Reg z sufficient to extend the period of rescission.

Second, defendants argue that, even if rescission is proper, plaintiffs owe defendants restitution. We disagree. 15 USC 1635(a) and 12 CFR 223.26(a)(1) allow the borrower to rescind "the transaction" including pendent documents such as the promissory note. 15 USC 1635(b) provides that the obligor shall tender the property received back to the creditor. This section "clearly contemplates a return to the status quo ante and thus the extinguishment of the underlying obligation." *Stone, supra* at 1348. Further, rescission is an equitable remedy within the discretion of the court. *Rudisell, supra* at 254. We find that the trial court did not abuse its discretion in ordering rescission without restitution where plaintiffs had not received any money from Diamond Mortgage.

Affirmed.